UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLACKSTONE MEDICAL
SERVICES, LLC,

    Plaintiff,

v.                                                Case No. 8:25-cv-1333-TPB-TGW

JEFFREY PROCTOR,

    Defendant.
_____/

## ORDER GRANTING MOTION TO REMAND

This matter is before the Court on "Plaintiff's Motion to Remand and Incorporated Memorandum of Law" (Doc. 10) and "Plaintiff's Notice of Adopting Previously Filed Motion for Remand as Plaintiff's Response to Defendant's Amended Notice of Removal" (Doc. 20). On June 24, 2025, Defendant filed a response in opposition to the original motion to remand. (Doc. 15). Upon review of the amended notice of removal, complaint, motion, notice, response, court file, and record, the Court finds as follows:

### Background

Plaintiff Blackstone Medical Services, LLC is a Florida limited liability company that provides home sleep testing services for the detection of a variety of sleep disorders, including but not limited to sleep apnea. Although Plaintiff maintains its principal place of business in Tampa, Florida, it employs sales agents (known as "physician sleep advisors") throughout the United States.

On August 24, 2022, Plaintiff hired Defendant Jeffrey Proctor as a physician sleep advisor to sell services in and around Denton, Texas. At the time he was hired, Defendant executed an employment agreement containing several restrictive covenants, including an 18-month non-competition provision. On March 29, 2024, Defendant's employment was terminated. Since then, Plaintiff discovered that Defendant is working for Axxess Medical Solutions, allegedly a direct competitor, where he is engaged in the business of selling sleep test devices in and around Denton, Texas.

On April 8, 2025, Plaintiff initiated a civil action in the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida, asserting claims for injunctive relief and breach of contract. On May 23, 2025, Defendant removed the case to this Court. Plaintiff seeks remand, arguing that the Court lacks subject matter jurisdiction.

## **Legal Standard**

28 U.S.C. § 1441(a) allows a defendant to remove a civil action to federal court when the case is within the federal court's original jurisdiction. Removal statutes are strictly construed against removal. *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108 (1941). The removing defendant must establish federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to the propriety of removal must be resolved in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

## Analysis

In its motion, Plaintiff argues that the Court lacks subject matter jurisdiction because Defendant has failed to establish the requisite amount in controversy. The complaint does not articulate the amount of damages with any specificity or certainty beyond a bare allegation that the amount of damages exceeds $50,000. As such, Defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

In his amended notice of removal and response in opposition, Defendant asserts that the amount in controversy exceeds $75,000 based on the value of the injunctive relief that Plaintiff seeks. Specifically, he claims that immediately prior to his termination, he was generating around $360,000.00 a year in gross profits for Plaintiff. Defendant further claims that during his 18-month tenure with Plaintiff, he generated a total of $540,000 in gross profits.[1]

The "value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiff[ ] if the injunction were granted." *Mann v. Unum Life Ins. Co. of Am.*, 505 F. App'x 854, 856 (11th Cir. 2013); *see Williams*, 269 F.3d at 1319. The value of such injunctive or declaratory relief must be measurable and sufficiently certain to satisfy the amount in controversy requirement. *See S. Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315-16 (11th Cir. 2014); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973 (11th

---

[1] Defendant earned a salary of $55,000.00 and earned commissions for his sales of sleep studies.

Cir. 2002); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). If the benefit a plaintiff could receive from injunctive relief is too speculative and immeasurable, the amount in controversy is not satisfied and subject matter jurisdiction does not exist. *See Leonard*, 279 F.3d at 973. The Eleventh Circuit has held that "a covenant not to compete 'generally [is] not susceptible to an abstract fair market valuation.'" *Weiner v. Tootsie Roll Industries*, Inc., 412 F. App'x 224, 227 (11th Cir. 2011) (quoting *Better Beverages, Inc. v. United States*, 619 F.2d 424, 429 (5th Cir. 1980)).

In this case, assessing the monetary value of the claims from Plaintiff's perspective is problematic because the value appears speculative. Although Defendant provided some information about revenue that he generated while working for Plaintiff prior to his termination, that is not the precise question before the Court. Defendant's generation of profits during his employment with Plaintiff does not necessarily equal or approximate the value – *from Plaintiff's perspective* – of a post-employment non-competition injunction preventing Defendant from working for a competitor.

The Court must determine the value of the injunctive relief *to Plaintiff*, and it is not certain what value would flow to Plaintiff should injunctive relief be granted. Because the monetary benefit that Plaintiff would receive if it was to prevail on its claims is too speculative and immeasurable, the amount in controversy requirement is not satisfied. Consequently, Defendant fails to meet his burden to establish federal question jurisdiction, and this case is due to be remanded.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

2. Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30 day of July, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE